UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER L. AYERS,

                       Plaintiff,

      v.                                           9:20-CV-0051
                                                                 (GTS/TWD)

GREAT MEADOW CORRECTIONAL
FACILITY, et al.,

                       Defendants.
_____

APPEARANCES:

CHRISTOPHER L. AYERS
Plaintiff, pro se
97-A-1592
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733


GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Christopher Ayers commenced this action in the Southern District of New York by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("Compl."); Dkt. No. 1 ("First IFP Application"). Following the transfer of this action to the Northern District of New York, the First IFP Application was denied and, thereafter, plaintiff's second application to proceed IFP was also denied. *See* Dkt. Nos. 6, 15.

Following the denial of the second IFP application, plaintiff filed, among other things, a third application to proceed IFP, along with an inmate account statement. *See* Dkt. No. 17 ("Third IFP Application"); Dkt. No. 33 ("Account Statement"). By Decision and Order entered on May 19, 2020, this Court granted the Third IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 37 ("May 2020 Order").[1] In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. *Id*. at 13-15.

Thereafter, plaintiff filed an amended complaint, along with a letter request for advice regarding amendment of a pleading. Dkt. No. 39 ("Am. Compl."); Dkt. No. 40 ("Letter Motion"). By Decision and Order entered on June 19, 2020, the Court dismissed plaintiff's Section 1983 claims asserted in the amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, afforded plaintiff leave to file a second amended complaint out of an abundance of solicitude, and denied the Letter Motion. *See* Dkt. No. 42 ("June 2020 Order").

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 50 ("SAC").

## II. SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

### A. The Complaint and May 2020 Order

In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was in the custody of the New York State Department of Corrections and

---

[1] The entire procedural history of this case leading up to the May 2020 Order was discussed at length in that Order, and will not be restated herein.

Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F."). *See generally* Compl.

The complaint was construed to assert Eighth Amendment excessive force and failure-to-protect claims against Great Meadow C.F., Corrections Lieutenant Scarlotta, Corrections Officer Richard Miller, Deputy Superintendent Melissa Collins, and ORC Shannon Stevens. *See* May 2020 Order at 7.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claim against Great Meadow C.F. was dismissed with prejudice as barred by the Eleventh Amendment, and plaintiff's remaining Section 1983 claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* May 2020 Order at 8-15.[2]

### B. The Amended Complaint and June 2020 Order

Plaintiff's amended complaint named Corrections Lieutenant Scarlotta and Corrections Officer Richard Miller as defendants, and also named Corrections Officer McFerrin and Office of Mental Health Counselor Diverson Seares as defendants in place of Deputy Superintendent Melissa Collins and ORC Shannon Stevens. *See* Am. Compl. at 1-2. The amended complaint, while sparse, contained slightly more detail than the original complaint regarding the alleged events giving rise to plaintiff's Section 1983 claims. *Compare* Compl. *with* Am. Compl.

More specifically, the amended complaint alleged that on or about August 11, 2019, plaintiff was in the "ICP group room" with defendants Seares and Scarlotta and issued a

---

[2] The Court also denied plaintiff's motion for preliminary injunctive relief in light of the preliminary dismissal of the complaint. *See* May 2020 Order at 14-15.

misbehavior report charging him with "interference[.]"  Am. Compl. at 4.  Plaintiff further alleged that following the issuance of the misbehavior report, he was placed in handcuffs, removed from the room, and brought by defendants Miller and McFerrin to an "undesignated area," where he was "beaten" by these officials.  *Id*.  Thereafter, defendant Scarlotta presided over the disciplinary hearing based on the "interference" charge even though she was "present during [the] incident" and "the ticket has her name on it[.]"  *Id*.

The Court liberally construed plaintiff's allegations to assert the following claims against the named defendants: (1) Eighth Amendment excessive force claims against defendants Miller and McFerrin; (2) an Eighth Amendment failure-to-protect claim against defendant Scarlotta; and (3) Fourteenth Amendment due process claims against defendants Seares and Scarlotta.  *See* June 2020 Order at 4.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* June 2020 Order at 4-9.

**C.    Plaintiff's Submissions Following the June 2020 Order**

Following the June 2020 Order, plaintiff filed, among other things, a letter response that appeared to address deficiencies identified by the Court with respect to the claims asserted in the amended complaint.  *See* Dkt. No. 43 ("First Letter Response to the June 2020 Order").  By Order entered on June 30, 2020, the Court advised plaintiff that he must file a proposed second amended complaint in accordance with the June 2020 Order if he wishes to proceed with this action, and explained that the First Letter Response to the June 2020 Order was not a proper amended pleading because it is unsigned, and does not seek any relief.  *See* Dkt. No. 45.  The Court also extended plaintiff's deadline to file a proper

4

amended pleading to July 30, 2020. *Id.*

Thereafter, plaintiff filed a second letter response to the June 2020 Order, which also appeared to address deficiencies identified by the Court with respect to the claims asserted in the amended complaint. Dkt. No. 48 ("Second Letter Response to the June 2020 Order"). By Order entered on August 24, 2020, the Court declined to construe plaintiff's Second Letter Response to the June 2020 Order as a second amended complaint because "it is not captioned as such, is not a complete pleading intended to supersede and replace the amended complaint as required by the Local Rules of this District, does not contain a list of parties or request for relief, and is not signed by plaintiff." Dkt. No. 49 ("August 2020 Order"). In so ruling, the Court once against extended plaintiff's deadline to file a proper second amended complaint and directed the Clerk to send plaintiff copies of his amended complaint, his Second Letter Response to the June 2020 Order, a blank form complaint, the Prisoner Local Rules, and the Pro Se Handbook for his use in preparing a second amended complaint. *Id*.

Roughly one week after the Court issued the August 2020 Order, plaintiff filed his second amended complaint. Although the allegations in the body of the second amended complaint are similar to the statements in each of plaintiff's letter responses to the June 2020 Order, inexplicably, the Second Letter Response to the June 2020 Order contains a limited number of details that are not included in the second amended complaint. *Compare* Second Letter Response to the June 2020 Order *with* SAC.

Because plaintiff is proceeding pro se and the additional details set forth in the Second Letter Response to the June 2020 Order clarify certain allegations in the second amended complaint, the Clerk is directed to file a copy of the Second Letter Response to the

June 2020 Order immediately following the signature page of the second amended complaint. References in this Decision and Order will be made to the second amended complaint as supplemented.

### D.  Overview of the Second Amended Complaint as Supplemented

The allegations in the second amended complaint are virtually identical to the allegations in the amended complaint, except that plaintiff describes the alleged use-of-force incident in slightly greater detail, and names Deputy Superintendent Melissa Collins as a defendant.[3]

With respect to the use-of-force incident, plaintiff alleges that after defendant Seares issued him a false misbehavior report in the "ICP area" for "interference[,]" defendant Scarlotta ordered defendants McFerrin and Miller to handcuff his wrists "behind [his] back[,]" take him to another room, and "beat [him]." *See* SAC at 6. Plaintiff further alleges that defendants McFerrin and Miller then brought him to a "back room [in the] ICP area" and "punched [him] in [the] face" while his wrists were handcuffed behind his back. *Id*. at 6, 8.

The Court liberally construes the second amended complaint to assert the following claims against the named defendants: (1) Eighth Amendment excessive force and failure-to-protect claims against defendants Miller, McFerrin, and Scarlotta; and (2) Fourteenth

---

[3] The second amended complaint was completed using the Northern District of New York's form complaint for pro se prisoners, which, by default, allows a plaintiff to identify up to four defendants. *See* SAC at 4-5. The form further advises users that additional defendants must be listed on "additional sheets of paper[.]" *Id*. at 5. Although plaintiff does not list Corrections Lieutenant Scarlotta as a defendant in the section of the form entitled "DEFENDANT(S) INFORMATION[,]" he alleges wrongdoing by this official in the "STATEMENT OF FACTS" section. *Id*. at 6. Moreover, plaintiff expressly identified Corrections Lieutenant Scarlotta as a defendant in the caption of the amended complaint, which contains similar allegations of wrongdoing by this official. *See generally*, Am. Compl. Accordingly, and out of an abundance of solicitude, the Court construes the second amended complaint to once again name Corrections Lieutenant Scarlotta as a defendant.

6

Amendment due process claims against defendants Seares and Scarlotta.[4]

For a more complete statement of plaintiff's claims, reference is made to the second amended complaint.

**D.     Analysis**

Because plaintiff is an inmate suing one or more government employees, his second amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2020 Order and it will not be restated in this Decision and Order.  *See* May 2020 Order at 2-4.

**1. Claim(s) Against Defendant Collins**

Although plaintiff names Deputy Superintendent Melissa Collins as a defendant, the second amended complaint does not contain any factual allegations about this official.  *See generally*, SAC.

"Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."  *Cipriani v. Buffardi*, No. 9:06-CV-889 (GTS/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same).

Accordingly, Deputy Superintendent Melissa Collins is dismissed as a defendant

---

[4]  The body of the second amended complaint does not contain any allegations of wrongdoing by defendant Collins.  Thus, it is unclear what claims, if any, plaintiff intended to assert against this official.

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Eighth Amendment Claims

The legal standard governing Eighth Amendment excessive force and failure-to-protect claims was discussed at length in the May 2020 Order, and will not be restated herein.  *See* May 2020 Order at 10-13.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment claims against defendants Miller, McFerrin, and Scarlotta survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 3. Fourteenth Amendment Claims

The legal standard governing Fourteenth Amendment due process claims was discussed at length in the June 2020 Order, and will not be restated herein.  *See* June 2020 Order at 5-9.

The allegations in the second amended complaint in support of plaintiff's Fourteenth Amendment claims are virtually identical to the allegations in the amended complaint. Accordingly, and for the reasons set forth in the June 2020 Order, plaintiff's Fourteenth Amendment claims against defendants Seares and Scarlotta are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall file a copy of the Second Letter Response to the June 2020 Order (Dkt. No. 48) immediately following the signature page of the second amended complaint; and it is further

**ORDERED** that the second amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against defendants Miller, McFerrin, and Scarlotta **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that plaintiff's remaining Section 1983 claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that upon receipt from plaintiff of the documents required for service, the Clerk shall issue summonses and forward them, along with copies of the second amended complaint, to the United States Marshal for service upon defendants Miller, McFerrin, and Scarlotta.  The Clerk shall forward a copy of the summons and second amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to plaintiff's second amended complaint be filed by defendants Miller, McFerrin, and Scarlotta, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be

9

filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

    **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, along with a copy of the June 2020 Order (Dkt. No. 42).

**IT IS SO ORDERED.**

Dated: October 14, 2020
       Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge